Hazel Evans, Respondent, v. Marjorie A. Jones, Appellant.—

Memorandum: A verdict may only be directed when a contrary verdict would be required to be set aside for legal insufficiency of evidence. (Civ. Prac. Act, § 457-a.) Ordinarily, the question of negligence is one of fact for the jury. This record discloses issues of fact as to the happening of the accident and as to whether the defendant exercised reasonable care in the operation of her automobile under the circumstances. We also think it was for the jury to say whether the plaintiff driver and owner was free from contributory negligence. If the defendant's testimony is believed, the plaintiff driver left his car in the right traffic lane and was standing beside it in the road.

Whether he acted as a reasonably careful and prudent person was a question of fact and the credibility of the witnesses was for the jury to determine. The testimony, referring to a blackboard diagram and points thereon is, of course, of no value to this court. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.