GREGORY J. GERARD, an Infant, by His Guardian ad Litem, JOHN W. GERARD, et al., Respondents, *v.* WARREN W. INGLESE, Defendant, and NANCY L. INGLESE, Appellant.

Second Department, November 7, 1960.

*William T. Gallagher* for appellant.

*B. Hoffman Miller* and *Lester Gutterman* for respondents.

NOLAN, P. J.  The material facts are not in dispute.

Defendant Nancy Lee Inglese (the only defendant who was served and appeared in the action) was operating an automobile southerly on the Saw Mill River Parkway in Westchester County.  The infant plaintiff and his mother, the plaintiff Joan Gerard, were riding as passengers in the automobile.  While defendant was operating the automobile at a speed of 40 to 45 miles per hour, she attempted to light a cigarette, using the cigarette lighter of the car.  In so doing she took her eyes off the road.  The automobile struck the curb and for about 75 feet

proceeded with two wheels on the grass, adjacent to the paved roadway, and finally stopped facing north.

The infant plaintiff and his mother were thrown out of the automobile and received injuries for which they seek recovery in this action. There is no claim that negligence on their part contributed to the accident.

Summary judgment has been granted against defendant pursuant to rule 113 of the Rules of Civil Practice. The motion for judgment was based, *inter alia*, on a transcript of defendant's examination before trial at which most of the foregoing facts were established by her testimony. Defendant has made no attempt to explain her failure to control the operation of her automobile, contending that the question whether the accident was caused by negligence on her part may only be determined on trial by a jury.

Defendant's position is tenable only if there is a real issue to be tried. If such is the case defendant undoubtedly has a constitutional right to a jury trial (N. Y. Const., art. I, § 2). However, the court is not obliged to wait until a jury has been empanelled to decide whether a real issue exists. It may decide that question on motion and, without violation of a litigant's constitutional rights, it may refuse to try an issue when it is fictitious and sham (Rules Civ. Prac., rule 113; *Dwan* v. *Massarene,* 199 App. Div. 872, 875; *General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133).

Until the adoption in 1959 of our present rule 113, there was no authority in this State for the granting of summary judgment in favor of a plaintiff in a negligence action. That such a motion may now be granted is evident from the provision of the rule which permits a motion for judgment " in any action ", and the motion should be granted " if, upon all the papers and proof submitted," the action or claim is established " sufficiently to warrant the court as a matter of law in directing judgment ". In other words, summary judgment in favor of a plaintiff may and should be granted if on the same proof, undisputed, the plaintiff would be entitled to a directed verdict on trial. If material facts are in dispute, or if contrary inferences may be drawn reasonably from undisputed facts, the issue is for the fact finders to decide on trial, and not for determination by a judge on motion.

The difficulty, however, in directing a plaintiff's verdict or in granting summary judgment to a plaintiff in a negligence case even when there is no dispute as to the physical facts of the accident and when there is no claim of contributory negligence, is that the unresolved issue still remains as to whether the

defendant used such reasonable precautions to avoid the accident as would ordinarily be used by careful, prudent persons under like circumstances (cf. *Barker* v. *Savage,* 45 N. Y. 191; *Schmidt* v. *Steinway & Hunter's Point Ry. Co.,* 132 N. Y. 566) and that question is essentially one of fact (*Sadowski* v. *Long Is. R. R. Co.,* 292 N. Y. 448, 455). Ordinarily such issue must be decided on trial (*Evans* v. *Jones,* 286 App. Div. 921). Evidence of the physical facts may establish negligence prima facie, but in such a case the court may seldom direct a verdict though the plaintiff's evidence is not contradicted or rebutted by the defendant. Whether negligence is established prima facie by direct or circumstantial evidence, the question as to whether the defendant was at fault in what he did or failed to do is ordinarily one of fact, to be determined by the jury, unless the jury is waived (*George Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108, 122; *Salomone* v. *Yellow Taxi Corp.,* 242 N. Y. 251, 259).

Consequently, in some instances we have reversed orders granting summary judgment to plaintiffs in tort actions, even though in opposition to the motions the defendants have offered no exculpatory proof. Upon a prima facie case the jury is not compelled to award damages; and a failure to explain does not necessarily indicate negligence (*Salomone* v. *Yellow Taxi Corp., supra,* p. 259). The situation is different, however, where the undisputed facts are consistent with only one conclusion; or, as the Court of Appeals in the *Foltis* case (*supra*) said with respect to circumstantial evidence, where the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable, if not rebutted by other evidence (cf., also, *Nixon* v. *New York Cent. R. R. Co.,* 10 A D 2d 870). This, we think, is such a case.

We are not unmindful that proof merely of the sudden swerving of an automobile from the highway is not prima facie evidence of negligence (cf. *Galbraith* v. *Busch,* 267 N. Y. 230; *Lahr* v. *Tirrill,* 274 N. Y. 112; *Cole* v. *Swagler,* 308 N. Y. 325). Here, however, the proof that appellant's automobile suddenly got out of control does not stand alone. She herself has furnished the evidence that the accident occurred while she was driving at a speed of from 40 to 45 miles an hour, with one hand on the steering wheel, lighting a cigarette with the other and with her eyes off the road. In view of these admitted facts the inference that her car left the road and that the accident occurred because of her negligence is not only reasonable but is, in our opinion, inescapable in the absence of an explanation consistent with reasonable care.

The order should be affirmed, with $10 costs and disbursements.

Beldock, Christ, Pette and Brennan, JJ., concur.

Order granting plaintiffs' motion for summary judgment under rule 113 of the Rules of Civil Practice affirmed, with $10 costs and disbursements.