■ WANDA WOZNIAK et al., Respondents, v. WILLIE KIRKWOOD et al., Appellants.— Judgment as to appellant, Kirkwood, unanimously affirmed, with costs. Judgment as to appellant, Dychowski, unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Appeal by defendant Dychowski from orders dismissed as academic. Memorandum: The plaintiffs were passengers in an automobile owned and operated by appellant, Dychowski, which was proceeding in a westerly direction on Woodland Avenue in the City of Buffalo. The appellant, Kirkwood, was operating a vehicle in a southerly direction on Michigan Avenue. The two automobiles collided at the intersection. At the time a police officer was directing traffic at or near the intersection. In our opinion the motion made by appellant, Dychowski, at the close of the evidence for a directed verdict dismissing the complaint as to him should have been granted. If doubt remained upon this point it was removed by the jury instructions of the trial court. Among other things, the jury was told that "there is no argument in this case that the policeman stationed there motioned Dychowski to proceed. There is no question about that point." The jury was further instructed that Dychowski "not only had the right to proceed, but he had the duty to proceed. He had no choice in the matter. He had to start his car and he had to proceed." There was no exception to these instructions. Thus, as the case was submitted to the jury it was in substance instructed, as a matter of law, that Dychowski, acting under the instructions of the police officer, was in duty bound to proceed into the intersection. The collision occurred as the result of such action. In passing

upon a motion for a directed verdict " The test is whether the trial court could find ' that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * * presented.' (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) " (*Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.*, 286 App. Div. 93, 95.) In the light of these legal principles, the facts in the record, and the instructions of the trial court, we conclude that the jury verdict against Dychowski may not be sustained and that the complaint, as to him, should be dismissed. (Appeal from judgment of Erie Trial Term in favor of plaintiffs in an automobile negligence action; appeal by defendant Dychowski from order denying motion to set aside the verdicts under section 549 and from an order denying motion to set aside the verdicts under section 457-a of the Civil Practice Act.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.