■ MENDEZ & SCHWARTZ WHOLESALE DISTRIBUTING CORP., Appellant, v 4701 SECOND AVENUE CORP., Respondent.—In an action to, *inter alia,* declare that the plaintiff properly exercised an option to renew a lease on property owned by defendant, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 28, 1978, which, after a nonjury trial, determined, *inter alia,* that it had not properly exercised said option. Judgment affirmed, with costs. By the terms of a lease the plaintiff tenant was granted an option to renew for a period of five years, "Provided that the Tenant shall fully and faithfully perform all of the terms and conditions of this lease". In order to exercise the option the plaintiff was required to provide the defendant landlord with written notice, by certified or registered mail, not later than 180 days prior to the expiration of the lease. The trial court found that the plaintiff had failed to serve the defendant with any written notice of its intention to renew. Furthermore, the court found that the plaintiff was repeatedly in default in its rental payments and had thus failed to perform all of its lease obligations. The evidence in the record supports the findings of the trier of fact. Accordingly, the trial court properly found that the plaintiff had no legal right to renew the lease. We also agree with the Trial Judge that plaintiff is not entitled to a renewal under principles of equity. Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.

■ C. HOOKER O'MALLEY, Respondent, v ELIZABETH F. O'MALLEY, Appellant.—In a matrimonial action in which the defendant wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Dutchess County, dated November 14, 1977, which denied her motion to, *inter alia,* increase the monthly support being paid by the plaintiff for the parties' two children. Order reversed, without costs or disbursements, and action remitted to Special Term for a hearing and a new determination in accordance herewith. Upon the disputed facts in this case, the questions involved should not have been decided without a hearing. A hearing is required to afford adequate opportunity for examination and cross-examination of witnesses and for evaluation of the documents produced. Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.

■ RAFAEL PAGAN, Respondent, v REYNALDO C. LINARES, Appellant.— Interlocutory judgment of the Supreme Court, Nassau County, entered June 21, 1978, affirmed, with costs (see *Andre v Pomeroy,* 35 NY2d 361; *Gerard v Inglese,* 11 AD2d 381). Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.