Fuchsberg, J.
(dissenting). Because this case well illustrates why summary judgment ¡most often is inappropriate to the determination of questions^ of negligence (see Ugarriza v Schmieder, 46 NY2d 471; Andre v Pomeroy, 35 NY2d 361; Gerard v Inglese, 11 AD2d 381), because here discovery was not complete, because of the unusual pattern of facts and circumstances that the plaintiff would be called upon to assemble and present in this case and because so many of the facts on which he was dependent to prove his case were within the control of the defendant, I believe Special Term *758 was correct in denying the defendant’s motion at this stage of the litigation.
Whether plaintiff, before the time he was shot and within the confines of the contained geographical area that constituted the zone of danger in which he found himself, had become a member of a sufficiently definable class which the city had affirmatively undertaken to protect from the sniper; whether — once the city had embarked on an affirmative course of conduct to ward off those who were potential targets —a special relationship may be deemed to have arisen between the municipality and those in jeopardy; whether the person who diverted the plaintiff into the line of fire was an agent of the city; whether this or other city conduct violated a duty emanating from the relationship; these, among others, were questions presenting such an admixture of law and fact, the answers to which were likely to depend on inferences that would arise from the facts as to warrant further exploration rather than immediate disposition (see, generally, Florence v Goldberg, 44 NY2d 189, 195, 197-198; Schuster v City of New York, 5 NY2d 75, 82; Zibbon v Town of Cheektowaga, 51 AD2d 448, 450, 453, app dsmd 39 NY2d 1056).
Accordingly, I would reverse the order of the Appellate Division and allow Special Term’s denial of the motion for summary judgment to stand.
Order affirmed, etc.