■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TOWNSEND, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 29, 1985, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was indicted and charged with first degree sexual abuse based upon allegations that he engaged in sexual contact with the eight-year-old son of his wife. Though defendant was not the child's natural father, he had adopted the boy.

After a trial, a jury found defendant guilty as charged and he was sentenced to an indeterminate prison term of 2 to 6 years. This appeal by defendant ensued.

Initially, defendant contends that County Court improperly allowed the eight-year-old victim to give sworn testimony. A child less than 12 years of age may not testify under oath unless the court is satisfied that he understands the nature of an oath (CPL 60.20 [2]). If the court is not so satisfied, the child may be permitted to give unsworn evidence if the court is satisfied that he or she possesses sufficient intelligence and capacity to justify reception of the evidence (CPL 60.20 [2]). In the instant case, the court and the attorneys conducted a searching inquiry into the child's ability to understand the meaning and significance of an oath and to differentiate between truth and untruth. Upon reviewing the record, we are of the view that County Court did not abuse its discretion in allowing the victim to give sworn testimony.

Next, we agree with defendant that the prosecutor improperly asked him questions on cross-examination requiring him to characterize several of the People's witnesses as liars (see, *People v Sepulveda,* 105 AD2d 854, 857). Further, though County Court, after a *Sandoval* hearing, limited the prosecutor to questioning defendant regarding whether he had been convicted of an undescribed class A misdemeanor, the prosecutor went on to elicit testimony regarding the fact that the conviction had been plea-bargained down from a felony and that defendant had originally pleaded not guilty to that charge. Such questions were clearly improper. To the extent that defendant's conviction of a class A misdemeanor bears on his credibility, that fact was made known to the jury. That the conviction was plea-bargained down from a felony is irrelevant and prejudicial. Also, the fact that defendant changed his plea from not guilty to guilty in accepting the plea cannot be later used to discredit him since that would infringe on his constitutional right to plead not guilty.

However, these errors mandate reversal only if there is a significant probability that the jury would have acquitted defendant had it not been for the errors (see, *People v Crimmins,* 36 NY2d 230, 242). The evidence against defendant in this case was strong and the prejudicial impact of the errors on the jury was not overwhelming. Also, regarding the use of defendant's prior conviction on cross-examination, County Court gave the jury a curative instruction. Thus, we conclude that the errors were harmless. We note, though, our disapproval of the prosecutor's conduct in asking questions which

are clearly improper even after the court had sustained several objections.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.