■ In the Matter of TAWANA D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BELINDA D., Appellant. —In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Suffolk County (Auperin, J.), entered March 3, 1987, which, upon a fact-finding order determining that Tawana D. was a neglected child, ordered her placed in the custody of her natural father for a period of six months.

Ordered that the order is affirmed, without costs or disbursements.

At a fact-finding hearing held to establish whether or not Tawana, a 6½-year-old child, had been physically and sexually abused by her mother's boyfriend with the mother's acquiescence, sworn testimony was taken from Tawana's godmother, from the detective who took a statement from Tawana, and from Tawana.

On appeal, the mother argues that Tawana should not have been sworn because she did not understand the nature of an oath or the need to tell the truth, and that the hearing court erred in denying the mother's motion to dismiss the petition for failure to make out a prima facie case. The mother's contentions are without merit.

The record discloses that the court tested Tawana's capacity and intelligence, her ability to distinguish truth from falsehood, and her appreciation of her duty to tell the truth (see, Wheeler v United States, 159 US 523). Satisfied that Tawana was competent to testify under oath, the court, in an exercise of its sound discretion, swore her in. In the absence of a clear showing of error, the determination of the hearing court, which had the opportunity to observe and evaluate Tawana's competency first hand, should not be disturbed (see, Wheeler v United States, supra).

The petitioner established a prima facie case. The test is whether, by no rational process could a trier of fact base a finding in favor of the petitioner upon the evidence presented at the hearing (Wozniak v Kirkwood, 18 AD2d 881, 882), or whether the evidence is wholly insufficient as a matter of law (Evans v Jones, 286 App Div 921). Tawana's out-of-court statement that she had been beaten and sexually abused by the mother's boyfriend was corroborated by her own in-court testimony, as well as the testimony of her godmother and the

detective who interviewed her, so that the requirements of Family Court Act § 1046 (a) (vi) were satisfied *(see, Matter of Nicole V.,* 123 AD2d 97, *affd* 71 NY2d 112).

The hearing court therefore properly found by a preponderance of the evidence that the mother knew of and consented to at least the excessive corporal punishment of Tawana by her boyfriend, and it properly concluded that Tawana was a "neglected child" as defined in Family Court Act § 1012 (f) (i) (B) *(see, Matter of Katherine C.,* 122 Misc 2d 276). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.