■ In the Matter of RALPH D., Alleged to be a Juvenile Delinquent, Appellant. WILLIAM J. CONBOY, II, as Albany County Attorney, Respondent.—Casey, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 19, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

A juvenile delinquency petition, alleging that respondent had committed acts which, if committed by an adult, would constitute the crimes of rape in the first degree and sodomy in the first degree, was filed on February 21, 1989. Respondent appeared before Family Court on that date and was remanded to a secure detention facility. A probable cause hearing was held on February 24, 1989, at the close of which there was some discussion concerning the scheduling of a fact-finding hearing within the 14-day period required by Family Court Act § 340.1 (1). Counsel for respondent indicated that she would be making a discovery demand and she understood that petitioner would need some time to respond and that she, in turn, would need some time before the hearing to review the discovery material. A conference to establish a timetable was scheduled for March 1, 1989. The record contains no transcript of that conference. Respondent's motion papers, seeking, inter alia, discovery and a bill of particulars, were dated March 6, 1989 and returnable March 13, 1989. In separate motions, petitioner sought to declare the victim a vulnerable child witness subject to the protection of CPL article 65 and to limit respondent's discovery demands. A hearing was held

March 13, 1989 to dispose of the parties' motions, and the fact-finding hearing commenced on March 17, 1989. Family Court dismissed the petition insofar as it charged rape in the first degree, but sustained the petition upon the finding that respondent had committed an act which, if committed by an adult, would constitute sodomy in the first degree. After a dispositional hearing, respondent was found to be in need of restrictive placement and he was placed with the State Division for Youth for an initial period of three years.

Respondent's first claim on appeal is that the petition must be dismissed since the fact-finding hearing was not held within the 14-day time limit set by Family Court Act § 340.1 (see, Matter of Frank C., 70 NY2d 408). Since petitioner did not move to dismiss the petition on this ground at the Family Court level, there is no adverse ruling for us to review (see, Family Ct Act § 1118; CPLR 5501 [a]). In addition, we are of the view that, in the circumstances outlined above, respondent acquiesced in the minimal delay.

Next, respondent contends that Family Court erred in permitting the victim, an eight-year-old child, to testify as an unsworn witness at the probable cause hearing, but no objection to that testimony was made by respondent. Respondent raises a similar argument concerning Family Court's decision to permit the victim, over appropriate objection, to testify as a sworn witness at the fact-finding hearing. Pursuant to Family Court Act § 343.1 (2), "[a] child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath". Preliminary questioning of the eight-year-old child in this case revealed that she knew the difference between a lie and the truth, that it was wrong to tell a lie and that she could be punished for telling a lie. She also indicated an understanding of what it meant to promise to tell the truth. In these circumstances, it was not an abuse of discretion to permit the child to testify as a sworn witness (see, People v Hardie, 144 AD2d 484, lv denied 73 NY2d 892; Matter of Towana D., 139 AD2d 736; People v Fernandez, 138 AD2d 733; People v Townsend, 134 AD2d 730, lv denied 71 NY2d 903). Respondent contends that based upon the child's difficulty in relating the events and in responding to abstract questions, Family Court should have granted respondent's motion to strike the oath and treat the child's testimony as unsworn. The child's inability or unwillingness to articulate a response to a number of the many questions put to her in what was clearly a difficult and emotional situation casts little, if any, doubt on her ability to tell the

truth or to comprehend the meaning of her promise to tell the truth. A review of the transcript and videotape of the child's testimony provides no basis for our interference with Family Court's ruling.

Respondent contends that Family Court erred in admitting into evidence the supporting deposition of the child complainant as a sworn document. It is clear from Family Court's decision, however, that the court relied upon the child's testimony at the hearing and not upon anything in the supporting deposition. Accordingly, if the court's ruling was erroneous, it was harmless error.

Respondent's contention that the petition is defective in that it alleges the crime occurred during the first week of February 1989, instead of a specific date, is meritless. Family Court Act § 311.1 (3) (g) specifically provides for a statement alleging that the crime was committed during a designated period of time, and the allegation here provided respondent with adequate information to prepare a defense (see, People v Keindl, 68 NY2d 410, 416-417).

Respondent next contends that it was error for Family Court to "consider" expert testimony concerning the sexually abused child syndrome. Since the record contains no timely objection to this testimony, we assume that respondent's argument is directed at the weight to be given the testimony and not its admissibility. On cross-examination by respondent, the expert conceded that the behavioral indicators of sexual abuse would not give any indication as to who the offender was. Contrary to respondent's argument on appeal, we find nothing in Family Court's decision to suggest that the court relied upon the expert's testimony to find that respondent was the person who abused the complainant. Rather, the court relied upon the testimony to confirm that sexual abuse had occurred; the child's testimony established that respondent was the offender.

The only remaining argument meriting any discussion concerns the disposition. According to respondent, Family Court abused its discretion by imposing the most severe disposition. Since sodomy in the first degree is a designated felony act (Family Ct Act § 301.2 [8]), the least restrictive available alternative analysis is not applicable (Family Ct Act § 352.2 [2]). Family Court considered the relevant factors (see, Family Ct Act § 353.5 [2]) and concluded that restrictive placement was required with an initial period of confinement in a secure facility. Since this conclusion is supported by the necessary

preponderance of the evidence (see, Family Ct Act § 353.5 [1]), there is no basis for disturbing Family Court's disposition.

Order affirmed, without costs. Kane, ·J. P., Casey, Levine, Mercure and Harvey, JJ., concur.