■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. VALENTI, JR., Appellant. [604 NYS2d 652] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 18, 1991, upon a verdict convicting defendant of the crimes of driving while intoxicated, obstructing governmental administration in the second degree, resisting arrest and reckless driving.

At approximately 1:40 A.M. on September 11, 1990 in the City of Watervliet, Albany County, defendant was observed to have improperly stopped at a traffic signal by Patrolman John Brandt, who was operating a marked police unit. Although Brandt activated his dome lights, the vehicle refused to pull over and instead led Brandt on a high-speed chase into the neighboring Town of Colonie. Defendant fled the vehicle and, after a brief foot chase, was caught, wrestled to the ground and arrested. After trial, defendant was convicted of driving while intoxicated, obstructing governmental administration in the second degree, resisting arrest and reckless driving.

On this appeal, defendant contends that County Court erred in its *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371) by allowing inquiry on cross-examination of defendant into a 1981 conviction for criminal possession of a controlled substance and a 1982 violation of probation. The convictions were

not so remote in time as to lack bearing on defendant's credibility *(see, People v Sargent,* 194 AD2d 865) and the rulings were a proper exercise of discretion, balancing a proper inquiry concerning defendant's credibility against unfair prejudice *(see, People v Tucker,* 165 AD2d 900). Nor do we find that error occurred when defendant was asked if his 1989 and 1990 violations of the Vehicle and Traffic Law were misdemeanors. Moreover, by not objecting to the questions, defendant failed to preserve the issue for appeal *(see,* CPL 470.05 [2]).

County Court did err during the cross-examination of defendant by permitting references to the underlying conduct of his 1982 probation violation and the 1989 conviction because both involved police chases similar to the instant case *(see, People v Sandoval, supra,* at 377; *People v Molineux,* 168 NY 264). Further, defendant correctly contends that the People improperly cross-examined him concerning the veracity of Brandt's testimony *(see, People v Ely,* 164 AD2d 442, 446, *lv denied* 77 NY2d 905). However, we cannot find that these errors mandate reversal as there is no significant probability that the jury would have acquitted defendant had it not been for the errors *(see, People v Townsend,* 134 AD2d 730, 731; *see also, People v Crimmins,* 36 NY2d 230, 242; *People v Ely, supra).* A review of these errors in the context of the case reveals that the case against defendant was exceptionally strong and only a limited potential for prejudicial impact resulted from the errors.

Defendant's remaining contentions do not require extended discussion. The prosecution properly inquired into his postarrest silence concerning the identity of the person he claimed was driving the vehicle because he insisted before and after arrest that he was not the driver *(see, People v Savage,* 50 NY2d 673, *cert denied* 449 US 1016; *People v Aponte,* 180 AD2d 910, *lv denied* 79 NY2d 997). No prejudice resulted from the brief reference by a prosecution witness to a statement not covered by the CPL 710.30 notice. The testimony was promptly stricken and appropriate curative instructions given.

The record as a whole belies defendant's contention that his legal representation was anything but meaningful and effective *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Hope,* 190 AD2d 958, 959, *lv denied* 81 NY2d 972). Nothing in our review of the record or the instructions given to the jury by County Court warrants a reversal in the interest of justice *(see, People v Bleakley,* 69 NY2d 490). Finally, in light of the facts in this case and defendant's extensive criminal history,

particularly his numerous alcohol-related driving convictions, the sentence imposed is fully justified.

Mikoll, Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).