MARISOL DE LUNA-COLE et al., Respondents, v LAWRENCE FINK et al., Appellants. [846 NYS2d 129]—

Order, Supreme Court, New York County (Louis B. York, J.), entered April 1, 2007, which granted plaintiff's motion for summary judgment on the issue of liability, and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was assaulted during business hours, at a time when the building's lone doorman had left his post in the lobby, as was typical, to attend to other tasks and to take his lunch. The building's front door had been left open and the internal stairwell and elevator unlocked, as was also typical, while the doorman was away from his post. A video camera in the lobby operated only during nonbusiness hours. In the several years preceding the assault on plaintiff, the area in which the building is located experienced a high rate of crime, and multiple crimes, including theft, burglary and assault, and armed robbery, had been committed in the building. Only seven months earlier, defendants had posted a notice to their tenants in a neighboring building addressing security concerns in light of recent tenant complaints. Contrary to defendants' contention, the evidence establishes that "criminal conduct by a third person" was foreseeable and that defendants failed in their common-law duty to take "minimal precautions" to protect tenants therefrom (see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]).

The evidence further establishes that the perpetrator was an intruder who gained access to the premises through a negligently maintained entrance (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 551-552 [1998]). Plaintiff, a five-year tenant of the building, did not recognize her assailant, who had made no effort to conceal his identity, and no one in the building recognized the perpetrator either from the posted police sketch based on plaintiff's description or from defendants' own posted notice, which also provided a detailed description. The building's unlocked and unmonitored front door was its only accessible, unalarmed entrance point. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ. [See 2007 NY Slip Op 30466(U).]