Davis v Commack Hotel, LLC (2019 NY Slip Op 05385)





Davis v Commack Hotel, LLC


2019 NY Slip Op 05385


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06196
 (Index No. 12197/11)

[*1]Stanley Davis, etc., respondent, 
v
Commack Hotel, LLC, doing business as Howard Johnson, appellant, et al., defendant.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick of counsel), for appellant.
Stanley Davis, Shirley, NY, respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Commack Hotel, LLC, doing business as Howard Johnson, appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated February 22, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and third causes of action insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 13, 2010, the plaintiff's 18-year-old son (hereinafter the decedent) was stabbed to death by the defendant Carlos Rodriguez during a party in a room at a hotel owned by the defendant Commack Hotel, LLC, doing business as Howard Johnson (hereinafter Howard Johnson). Rodriguez pleaded guilty to one count of manslaughter in the first degree in connection with the incident. The plaintiff, as administrator of the decedent's estate, commenced this action against Howard Johnson and Rodriguez asserting, inter alia, causes of action to recover damages for negligence, wrongful death, and conscious pain and suffering.
Howard Johnson moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against that defendant on the first and third causes of action, which alleged, inter alia, that the decedent's death was caused by Howard Johnson's negligence. In an order dated February 22, 2016, the Supreme Court, inter alia, denied Howard Johnson's motion, and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and third causes of action insofar as asserted against Howard Johnson. Howard Johnson appeals from so much of the order as awarded the plaintiff summary judgment on the issue of liability on the first and third causes of action insofar as asserted against it.
"Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" (Ugarriza v Schmieder, 46 NY2d 471, 474; see Andre v Pomeroy, 35 NY2d 361, 364; Evans v Jones, 286 App Div 921, 921). However, in [*2]certain "rare" cases (Andre v Pomeroy, 35 NY2d at 364), a plaintiff may be awarded summary judgment on the issue of a defendant's negligence where "there is no conflict at all in the evidence" and "the defendant's conduct fell far below any permissible standard of due care" (id. at 364-365 [internal quotation marks omitted]). The case at bar presents such an instance where there is no triable issue of fact as to the defendant's negligence, entitling the plaintiff to summary judgment on the issue of liability on the first and third causes of action insofar as asserted against Howard Johnson.
"A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (Bryan v Crobar, 65 AD3d 997, 999; see Hartman v Milbel Enters., Inc., 130 AD3d 978, 982). This includes the common-law duty to take "minimal precautions" to protect tenants and visitors from foreseeable harm, including foreseeable criminal conduct by a third person (Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878; Banner v New York City Hous. Auth., 94 AD3d 666, 667; Durham v Beaufort, 300 AD2d 435, 436). "To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected, but the criminal conduct at issue must be shown to be reasonably predictable based on prior occurrences of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Bryan v Crobar, 65 AD3d at 999 [citation omitted]; see George v 855 Ocean Ave., LLC, 165 AD3d 1060, 1061; Hartman v Milbel Enters., Inc., 130 AD3d at 982). "[T]he duty to employ protective measures arises when it is shown that the possessor of the property either knows or has reason to know from past experience that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor'" (Fontana v Falides Assoc., 202 AD2d 631, 631, quoting Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [internal quotation marks omitted]).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the first and third causes of action insofar as asserted against Howard Johnson through evidence establishing that Howard Johnson knew or should have known from past disturbances on the premises that there was a likelihood of criminal conduct of the type that occurred on November 13, 2010, and failed to take minimal precautions to protect visitors on its premises (see De Luna-Cole v Fink, 45 AD3d 440).
The plaintiff presented documentary evidence establishing an extensive history of criminal activity at this Howard Johnson hotel; including: a gunpoint robbery of a guest; an assault with a clothing iron; a report of a masked individual attempting to gain entry to the hotel; large parties in hotel rooms with unruly and intoxicated guests in numbers exceeding the hotel's occupancy policy; numerous thefts; prostitution; and drug use and sales.
Howard Johnson's principal testified at his deposition that the hotel normally employs security, but on the night in question, the security personnel did not "show up." When asked whether the hotel attempted to call any other security companies to provide security on that day, he testified: "No. We don't call somebody else, because we are working with them, and [my staff] tried call them but they don't respond. We can't do anything."
The plaintiff also submitted an entry from the hotel's front desk logbook for the night at issue, which stated, in relevant part: "Cops were called for Room 142. Someone got stabbed. The cops said we need to stop renting to children. The cops stated they took weapons from the kids. Gun and knives. Just another night at the HOJO!" (emphasis added). We note that Howard Johnson did not challenge the admissibility of this evidence on hearsay or other grounds.
The foregoing was sufficient to establish, as a matter of law, that criminal activity of the kind that led to the decedent's death was foreseeable, and that Howard Johnson failed to take "minimal precautions" to protect visitors on its premises (see Hartman v Milbel Enters., Inc., 130 AD3d at 982; De Luna-Cole v Fink, 45 AD3d at 440). In opposition, Howard Johnson failed to raise a triable issue of fact (see De Luna-Cole v Fink, 45 AD3d at 440).
Contrary to Howard Johnson's contention, the plaintiff was not required to demonstrate that the decedent was free from comparative fault to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of Howard Johnson's liability (see Rodriguez v City of New York, 31 NY3d 312, 324-325).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and third causes of action insofar as asserted against Howard Johnson.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court