■ In the Matter of ROBERT H., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Cognetta, J.), dated March 31, 1988, which, upon a fact-finding order of the same court, dated January 22, 1988, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of sodomy in the first degree (11 counts), adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the fact-finding order dated January 22, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant argues that the presentment agency's failure to state with specificity the dates of the alleged incidents which formed the basis of the crimes charged violated his constitutional rights "to be informed of the nature and cause of the accusation" (US Const 6th, 14th Amends; *see,* NY Const, art I, § 6) and to "due process of law" (US Const 5th, 14th Amends; *see,* NY Const, art I, § 6). We disagree.

Initially, we find that the three-month time period specified in the petition, for each of the first nine counts, and as further modified by the affirmation in opposition to the appellant's motion to dismiss the petition, the 10-day period specified with respect to the tenth and eleventh counts, complied with the statutory requirement that a petition must contain, in relevant part, "a statement in each count that the crime charged therein was committed on, or on or about, a designated date, or during a designated period of time" (Family Ct Act § 311.1 [3] [g]; *cf., People v Morris,* 61 NY2d 290, 294).

In addition, since the appellant, who was given an adjournment, was able to prepare and did present a defense to all of the charges, and he does not claim that his ability " 'to plead the judgment in bar of any further prosecution for the same crime' " has been impaired *(People v Morris, supra,* at 295, quoting from *Rosen v United States,* 161 US 29, 34), it cannot be said that the appellant's constitutional notice and due process rights have been violated *(cf., People v Rogers,* 141 AD2d 870). Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.