OPINION OF THE COURT
Memorandum.
The order of County Court should be affirmed.
Defendant has been convicted after a jury trial of two counts of unlawfully dealing with a child in violation of Penal Law § 260.20 (4) upon evidence that he gave alcoholic beverages to two persons less than 21 years of age. Two teen-agers, 16 and 17 years old, testified at trial that on January 1, 1988 they asked defendant, who was of legal age, to purchase beer for them. When he agreed, they drove him to the supermar *852 ket, gave him the money to buy two six packs of beer and then drove him home. Defendant left the beer with them. Shortly thereafter the police stopped the teen-agers for a traffic violation, observed the beer in the car and were told defendant had purchased it. The teen-agers’ testimony was the only evidence linking defendant to the offense charged.
At the end of the People’s case, defendant moved to dismiss on the ground that the evidence produced by the People was legally insufficient as a matter of law because the teen-agers were accomplices under CPL 60.22 (2) and thus their testimony had to be corroborated. Village Court denied defendant’s motion, concluding'that the teen-agers could not be accomplices to the crime of unlawfully dealing with a child because they fell within the class of persons Penal Law § 260.20 (4) was intended to protect. County Court affirmed.
CPL 60.22 (2) defines an "accomplice” as "a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” Defendant contends that the teen-agers were accomplices within the meaning of CPL 60.22 (2) (a) because they participated in the offense charged by providing defendant with the transportation and funds to purchase the beer (citing Penal Law § 260.20 [4]; § 20.00). However, to be considered an accomplice within the meaning of CPL 60.22 one must be "at least potentially subject to sanctions of a penal character for his participation in the crimes of the defendant on trial” (People v Fielding, 39 NY2d 607, 610; see also, People v Dorta, 46 NY2d 818, 820). Here, the teen-agers were, not potentially subject to prosecution under Penal Law § 260.20 (4) since they were recipients of the beer and thus within the class of individuals that statute was intended to protect. Additionally, as defendant concedes, mere possession of the beer by the teen-agers was not unlawful at the time of the incident (cf., Alcoholic Beverage Control Law § 65-c, eff Jan. 1, 1990). Accordingly, the teen-agers were not "accomplices” within the meaning of CPL 60.22 and their testimony did not have to be supported by corroborative evidence.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.