■ In the Matter of FREDERICK QQ., a Child Alleged to be a Juvenile Delinquent, Appellant. MARCIA HELLER, as Sullivan County Attorney, Respondent. [619 NYS2d 362] —Peters, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 15, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was found to have committed acts which, if committed by an adult, would constitute rape in the first degree and sodomy in the first degree. The victims, aged seven and 10, were cousins of respondent. The events occurred at the home of respondent's grandmother during the Easter vacation in 1993. At the time of the commission of these acts, respondent was 13 years old. A dispositional hearing resulted in the placement of respondent in the custody of the Division for Youth for a period of 18 months with an order to complete a sex offenders program. Mindful that on review Family Court, as the trier of fact, is entitled to have the resolution of disputed facts "accorded the same weight as that given to a jury verdict" *(Matter of Jerry XX.,* 115 AD2d 797, *lv denied* 68 NY2d 601), we note that at the fact-finding hearing, Family

Court heard the testimony of both victims and respondent. The court's determination of proof beyond a reasonable doubt as to the charges upon which respondent was found to be a juvenile delinquent is found by us to be fully supported by the record.

Respondent additionally contends that the acts which he was found to have committed did not occur in the location alleged in the petition and that therefore he was found to have committed acts that he was not charged with having committed. We disagree. The petition informed respondent of the conduct he allegedly engaged in. It is undisputed that the conduct allegedly took place in a specific location. While the petition charged that the crimes occurred in the Town of Rockland in the County of Sullivan, it was later determined that the "nanny's house" where the incidents took place was located in the Town of Liberty rather than the Town of Rockland. Both towns are, however, in the County of Sullivan. Accordingly, we find that the petition here clearly provided the accused with "fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer the charges and to prepare an adequate defense" *(People v Keindl,* 68 NY2d 410, 416).

Respondent next contends that these two young children, his victims, were in reality his accomplices and, therefore, as a matter of law their testimony alone was not sufficient for a finding of juvenile delinquency. Again we disagree. Respondent was found to have committed acts which, if he was an adult, would constitute violations of Penal Law § 130.35 (3) and § 130.50 (3) which specifically prohibit sexual intercourse and sodomy, respectively, with a person less than 11 years of age. Therefore, the ages of these victims bring them "within the class of individuals * * * [the statutes were] intended to protect" *(People v Wing,* 77 NY2d 851, 852; *see, People v Fielding,* 39 NY2d 607).

At the fact-finding hearing, Family Court permitted the younger victim, then eight years old, to give sworn testimony. Respondent contends that this was error. We note that the court observed the child closely and asked direct questions. While some were leading, we find that on the whole, such questions were sufficient to establish that the child understood the difference between the truth and a lie, understood her obligation to tell the truth in the court setting and understood that the court could impose punishment upon her if she failed to tell the truth. The fact that the child did not know what

constitutes an "oath" and that some leading questions were asked is not determinative *(see, People v Nisoff,* 36 NY2d 560; *People v Mudd,* 184 AD2d 388; *People v Ranum,* 122 AD2d 959).

Finally, respondent challenges the disposition of Family Court. Having reviewed the record, we find that Family Court's determination was supported by a preponderance of the evidence and was within the court's discretion.

Accordingly, the determination of Family Court is affirmed in all respects.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.