■ In the Matter of DUANE NN., a Child Alleged to be a Juvenile Delinquent, Appellant. STEPHEN L. OPPENHEIM, as Sullivan County Attorney, Respondent. [624 NYS2d 472] —Mercure, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 8, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this proceeding as the result of a June 4, 1993 incident in which respondent, then 15 years old, had sexual intercourse with a female, also a minor, who was unconscious while under the influence of alcohol, an act which would constitute the crime of rape in the first degree if committed by an adult. Following fact-finding and dispositional hearings, respondent was found guilty of the charge alleged in the petition, adjudicated a juvenile delinquent and placed in the custody of the Division for Youth for a period of 18 months. Respondent now appeals.

We affirm. Initially, we reject the contention that respondent was denied a speedy fact-finding hearing. At the September 9, 1993 initial appearance, respondent was assigned a Law Guardian and entered a denial to the allegations of the

petition, and the matter was set down for a November 4, 1993 fact-finding hearing. On the latter date, petitioner was ready to proceed, but respondent's Law Guardian sought to be relieved of his assignment due to an actual or apparent conflict of interest, discovered only that day, as the result of his prior representation of members of the victim's family. Although Family Court perceived no conflict of interest and was reluctant to grant the application, respondent and his mother both preferred that a new Law Guardian be appointed and Family Court acceded to their wishes. Accordingly, the fact-finding hearing was adjourned until December 3, 1993 so that a new Law Guardian could be appointed and familiarize himself with the case. Under the circumstances, we conclude that "good cause [was] shown" for the adjournment (Family Ct Act § 340.1 [4] [a], [b]) and that the record adequately reflected the reason for the adjournment (Family Ct Act § 340.1 [5]; see, Matter of Michael FF., 210 AD2d 758; Matter of Carlos T., 187 AD2d 38; Matter of Ralph D., 163 AD2d 752).

Nor are we persuaded that respondent was denied effective assistance of counsel (see, Matter of Jamie TT., 191 AD2d 132). Because there were a number of witnesses to respondent's act of sexual intercourse, the Law Guardian's strategy of acknowledging that element and focusing on the victim's alleged voluntary participation was quite appropriate. Further, in view of the testimony of the victim and two other witnesses that the victim was unconscious at the time of her sexual intercourse with respondent, we are not persuaded that there was insufficient evidence to support the finding of guilt.

Finally, while Family Court incorrectly dismissed the claim of selective prosecution as a matter beyond its control, respondent nonetheless failed to meet his heavy burden of demonstrating a violation (see, Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 694-695). Notably, although respondent's claim of selective enforcement was founded upon the theory that one white and two black males had intercourse with the victim and only the black males were prosecuted, respondent testified that he saw no one else engage in intercourse with the victim and that, in fact, the white male left with him within two minutes after respondent was finished having intercourse with the victim.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.