■ In the Matter of BERRIS GG., a Person Alleged to be a Juvenile Delinquent, Appellant. SULLIVAN COUNTY ATTORNEY, Respondent. [636 NYS2d 144] —Mercure, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 8, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent and another black youth, Duane NN., were jointly tried on petitions alleging that they had sexual intercourse with a female who was unconscious while under the influence of alcohol, an act which, if committed by an adult, would constitute the crime of rape in the first degree. They were each found guilty of the charge and adjudicated a juvenile delinquent. We affirmed Family Court's order with regard to Duane in April 1995 (*Matter of Duane NN.*, 214 AD2d 783). Respondent now appeals.

There should be an affirmance. We reject the contention that petitioner failed to prove beyond a reasonable doubt that respondent was guilty of the charge. As in the case of Duane, two witnesses testified that they watched respondent engage the victim in sexual intercourse and, further, that the victim was unconscious at the time. This testimony, if believed, was sufficient to establish the essential facts constituting the crime of rape in the first degree (*see*, Penal Law § 130.35 [2]).

Nor are we persuaded that respondent has met his heavy burden of demonstrating that he was a victim of selective prosecution. In order to succeed on such an argument, respondent must prove that (1) the law was not applied to others similarly situated, and (2) the selective application of the law was deliberately based upon an impermissible standard such as race (*see*, *Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 694-695). While one witness indicated that an uncharged white male also had intercourse with the victim, the black males were implicated by two witnesses. In addition, although present at the critical time and place, respondent offered no evidence that the white youth was involved in the incident. In these circumstances, respondent has not met his burden of proving "a grossly disproportionate incidence of nonenforcement against others similarly situated in all relevant respects" (*supra*, at 695; *see*, *Matter of Duane NN., supra*).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.