■ In the Matter of MICKIE PP., a Person Alleged to be a Juvenile Delinquent, Appellant. FRANCIS MURRAY, as County Attorney of the County of Ulster, Respondent. [644 NYS2d 96] —Spain, J.

A designated felony act petition, alleging that respondent had committed acts which, if committed by an adult, would constitute the crime of sodomy in the first degree, was filed on December 16, 1994. The petition alleged that on the previous day respondent, age 13, engaged in an act of deviate sexual intercourse by forcible compulsion with his roommate, age 14, at the St. Cabrini Home in the Town of Esopus, Ulster County. At the fact-finding hearing petitioner presented the testimony of the victim, together with testimony from a witness who was also a resident of St. Cabrini and a social worker from the facility; petitioner also introduced the victim's supporting deposition into evidence. After petitioner rested, respondent moved for a directed verdict and Family Court denied the motion. Respondent then called the same social worker to testify on his behalf. Family Court determined that respondent committed the acts alleged in the petition. At the subsequent dispositional hearing petitioner presented the testimony of one witness, a

senior probation officer, and the probation officer's predispositional report. Respondent presented the testimony of a licensed psychologist, an employee of the Orange County Department of Social Services and respondent's mother. Also introduced into evidence were the psychologist's evaluation report, a copy of respondent's entire Department of Social Services file and a copy of respondent's Department of Mental Health Child and Family Clinic records. Family Court, determining that the needs and best interest of respondent required a restrictive placement, adjudicated him to be a juvenile delinquent and placed respondent with the Division for Youth for three years. Respondent appeals.

We affirm. Respondent's contention that petitioner failed to present a prima facie case is without merit. At the hearing the victim testified that respondent jumped on him, choked him and forced his penis into the victim's mouth. The victim also testified that 10 minutes later respondent, over the victim's objection, forced his penis in the victim's anus. The victim's testimony was corroborated by the testimony of the other witnesses. Clearly, the testimony elicited at the fact-finding hearing was not only sufficient to overcome respondent's motion for a directed verdict, but was also legally sufficient to support Family Court's findings and determination (*see, Matter of Berris GG.*, 222 AD2d 971; *Matter of Joshua M.*, 222 AD2d 867; *Matter of Dakota EE.*, 209 AD2d 782, 783).

We also reject respondent's contention that Family Court erred by remanding respondent to a restrictive placement. Family Court based its determination, *inter alia*, on "[t]he escalating severity of respondent's behavior" and threats to staff members. Although respondent's witnesses indicated that a residential placement was warranted due to respondent's needs, they did not agree with the probation officer that a Division for Youth placement was necessary. However, the record reveals that numerous Department of Social Services placement attempts were rejected based upon respondent's social and legal history and his very specific needs. Upon review of the record we conclude that Family Court did not improvidently exercise its discretion in placing respondent in a restrictive placement (*see, Matter of Demitris O.*, 193 AD2d 977, *lv denied* 82 NY2d 655; *Matter of Edward B.*, 170 AD2d 270; *Matter of Dennis ZZ.*, 159 AD2d 880).

We have reviewed respondent's remaining contentions, including, *inter alia*, the contention that Family Court erred by allowing an adjournment of the fact-finding hearing without just cause, and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed, without costs.