■ In the Matter of JEREMY R., a Person Alleged to be a Juvenile Delinquent, Appellant. J. DOUGLAS McMANUS, JR., as Deputy County Attorney for the County of Schenectady, Respondent. [698 NYS2d 749] —Carpinello, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered May 7, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In August 1998, respondent's mother ran a licensed day-care center in her home and took care of, among other children, an eight-year-old boy (hereinafter the victim). Following allegations that respondent, then 14 years old, had inappropriate sexual contact with the victim, a juvenile delinquency petition was filed and a fact-finding hearing ensued. Respondent was found guilty of committing an act which, if committed by an adult, would constitute the crime of sodomy in the first degree. He was placed in the custody of the State Office of Children and Family Services for 12 months following a dispositional hearing and now appeals.

---

There should be an affirmance. As an initial matter, Family Court did not improvidently exercise its discretion in permitting the eight-year-old victim to testify as a sworn witness. The record reveals that the victim sufficiently understood the obligations of an oath and the consequences of giving false testimony (*see, People v Parks*, 41 NY2d 36, 46). During preliminary questioning, the victim stated that he knew the difference between a truth and lie, repeatedly acknowledged that he could "get in trouble" for telling a lie and indicated that he would tell the truth in court (*see, e.g., Matter of Frederick QQ.*, 209 AD2d 832, 833, *lv denied* 85 NY2d 802; *Matter of Ralph D.*, 163 AD2d 752, 753-754). Although the victim suffered from attention deficit disorder and admitted during the preliminary questioning that he misbehaved in school, this did not, without more, preclude him from giving sworn testimony.

We also reject the contention that there was not legally sufficient proof adduced at the fact-finding hearing to support the elements of sodomy in the first degree beyond a reasonable doubt. The victim testified that respondent pulled down his pants and placed his penis in the victim's "butt". A physician's assistant who examined the victim approximately 36 hours after the incident testified that his perianal region was slightly red and tender upon palpation. The testimony of these two witnesses, which was specifically credited by Family Court, was legally sufficient to establish each element of sodomy in the first degree (*see*, Penal Law § 130.00 [2]; § 130.50 [3]; *see also, Matter of Mickie PP.*, 228 AD2d 847, 848). Noting that Family Court's determination is accorded the same weight as that given to a jury verdict (*see, e.g., Matter of Michael D.*, 109 AD2d 633, *affd* 66 NY2d 843), we similarly reject respondent's contention that the court's determination was against the weight of the evidence. Nor do we find any error in the cross-examination of respondent about whether he committed a specific act of misconduct against another of his mother's clients as petitioner had a good-faith basis for the question (*see, Matter of Carlos V.*, 192 AD2d 661).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.