■ In the Matter of JORDAN E., a Person Alleged to be a Juvenile Delinquent, Appellant-Respondent. DELAWARE COUNTY ATTORNEY, Respondent-Appellant. [759 NYS2d 807] —Peters, J. Cross appeals from an order of the Family Court of Delaware County (Estes, J.), entered June 28, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, born in September 1986, was charged in a designated felony act petition with conduct which, if committed by an adult, would constitute the crimes of rape in the first degree (Penal Law § 130.35 [3]), sexual abuse in the first degree (Penal Law § 130.65 [3]) and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) for the purpose of having him adjudged a juvenile delinquent. In July 2001, the time that the crimes were committed, the victims were age six (victim 1) and four (victim 2). After a fact-finding hearing where victim 1 testified as a sworn witness, Family Court determined that respondent had committed all of the acts alleged in the petition. Upon a dispositional hearing, respondent was placed

on probation for a period of two years with detailed terms and conditions. Petitioner and respondent cross-appeal.

Respondent contends that Family Court erred in making a finding of delinquency based upon the uncorroborated testimony of victim 1. We disagree. Generally, a finding that respondent committed charged acts beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]) will require corroboration to make an adjudication of juvenile delinquency if evidence of such acts is given by an unsworn witness under 12 years of age (*see* Family Ct Act § 343.1 [2], [3]; *People v Groff,* 71 NY2d 101, 110 [1987]; *Matter of Carmelo V.,* 269 AD2d 399, 399 [2000]). But trial courts may exercise considerable discretion to allow such a child to give sworn testimony so long as it can be sufficiently established "that the child understood the difference between the truth and a lie, understood her obligation to tell the truth in the court setting and understood that the court could impose punishment upon her if she failed to tell the truth" (*Matter of Frederick QQ.,* 209 AD2d 832, 833 [1994], *lv denied* 85 NY2d 802 [1995]; *see Matter of Ralph D.,* 163 AD2d 752, 753 [1990]). With Family Court having established the necessary foundation, we find no error in its determination to allow victim 1 to testify as a sworn witness. Moreover, her account of the incident described respondent's involvement with both victims. With respondent's admission that victim 2 may have "accidentally" seen his penis, we find sufficient evidence to support Family Court's conclusion that respondent committed the acts charged beyond a reasonable doubt.

Turning to the dispositional order, petitioner contends that Family Court erred in applying a "least restrictive alternative" analysis to respondent's disposition and did not properly address the needs of the community and best interests of respondent. With respondent having been found to have committed a designated felony act (*see* Family Ct Act § 301.2 [8]), we agree that Family Court was not obligated to dispose of the matter by ordering the least restrictive alternative. Having reached a disposition under the mistaken impression that it was so required, that part of the dispositional order ordering probationary placement must be reversed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as placed respondent on probation; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.