■ In the Matter of DOMINICK H., a Person Alleged to be a Juvenile Delinquent, Appellant. CHRIS HAMMOND, as Otsego County Attorney, Respondent. [779 NYS2d 317]—

Mercure, J.P. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered January 31, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In July 2002, the Tompkins County Attorney filed a petition alleging that respondent, a minor, committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. The petition arose out of an incident in which respondent bit William Rock, a counselor at the George Junior Republic group home in the Village of Freeville, Tompkins County, where respondent resided. The proceeding was later transferred from Tompkins County to Otsego County. After fact-finding and dispositional hearings, respondent was adjudicated a juvenile delinquent and placed in the custody of the Office of Children and Family Services. Respondent appeals and we now affirm.

Respondent argues that Family Court abused its discretion by failing to adjourn the fact-finding hearing, upon respondent's September 12, 2002 appearance, to afford the Law Guardian more time to prepare. Inasmuch as the date of respondent's initial appearance was July 15, 2002, and respondent declined to waive his right to a speedy trial, Family Court set the hearing date for September 16, 2002, despite the Law Guardian's protests that he had insufficient time to prepare for the hearing. Although Family Court has discretion to grant a juvenile's request for an adjournment upon a showing of good cause (*see* Family Ct Act § 340.1 [4] [b]; *Matter of Jeffrey V.,* 82 NY2d 121, 125 [1993]), there is no indication that the Law Guardian was hindered in the presentation of a defense or in his ability to present witnesses due to Family Court's refusal to grant an adjournment here. Indeed, the Law Guardian asserted a justification defense based on Rock's failure to leave respondent's room when asked and called a witness in support of this theory. Further, respondent does not point to any specific evidence or witnesses that the Law Guardian failed to present. Under these circumstances, we cannot say that Family Court abused its discretion in declining to grant an adjournment.

In addition, with respect to respondent's claim that the Law Guardian's failure to waive his speedy trial rights to obtain more time to prepare amounted to ineffective assistance of counsel, we note that "the refusal to postpone a trial at counsel's request for further time to prepare does not by itself give rise to an inference of ineffective representation" (*Matter*

*of Jeffrey V., supra* at 126). As noted above, the Law Guardian asserted a coherent defense, presented evidence and a witness in support of this theory and made timely objections. In the absence of any allegation of errors or omissions by the Law Guardian, we conclude that the Law Guardian provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *Matter of Jeffrey V., supra* at 126-127).

We have considered respondent's remaining arguments, including his assertion that Family Court improperly rejected his justification defense, and conclude that they are without merit.

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.