■ In the Matter of JAMES N., Appellant. MONROE COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [796 NYS2d 468]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered August 6, 2004 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent and placed respondent on probation for a period of 24 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In each appeal, respondent appeals from an

order of disposition that adjudicated him a juvenile delinquent based on the respective findings that he had committed acts that, if committed by an adult, would constitute the crimes of sexual abuse in the second degree (Penal Law § 130.60 [2]) (appeal No. 1) and sexual abuse in the first degree (§ 130.65 [3]) (appeal No. 2). Contrary to respondent's contention, Family Court did not abuse its discretion in allowing the seven-year-old complainant in appeal No. 2 to give sworn testimony. The responses of that complainant during voir dire indicated that she knew the difference between telling the truth and telling a lie, the importance of telling the truth and that she could be punished for telling a lie (*see People v Velez*, 222 AD2d 625, 626 [1995], *lv denied* 88 NY2d 887 [1996]; *Matter of David PP.*, 211 AD2d 995, 996 [1995]; *see generally People v Nisoff*, 36 NY2d 560, 565-566 [1975]; *Matter of Jordan E.*, 305 AD2d 778, 779 [2003]). Contrary to respondent's further contention, corroboration of the testimony of the complainant in appeal No. 2 was not required inasmuch as she was properly sworn (*see People v McLoud*, 291 AD2d 867 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Garcia*, 194 AD2d 554, 555 [1993], *lv denied* 82 NY2d 718 [1993]; *see also Jordan E.*, 305 AD2d at 779; *Matter of Henry M.*, 194 AD2d 606 [1993]).

We reject respondent's final contention that the court's findings are against the weight of the evidence. "Although different findings would not have been unreasonable, we conclude that the court did not fail to give the evidence the weight it should be accorded . . . , and we decline to disturb the court's credibility determination" (*Matter of Timothy S.*, 1 AD3d 908, 909 [2003]; *see Matter of Kara D.*, 306 AD2d 918, 919 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.