■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NOWINSKI, Appellant. [827 NYS2d 356]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 6, 2005, upon a verdict convicting defendant of the crimes of course of sexual

conduct against a child in the first degree (two counts) and sexual abuse in the second degree.

In April 2004, a seventh grade teacher in the Village of Endicott, Broome County, acquired information that led to a police investigation in which two seventh grade girls alleged that defendant had engaged them in a sexual relationship in exchange for money and gifts. A third girl later disclosed sexual contact with defendant and having witnessed defendant's sexual conduct with one of the other girls. Defendant was indicted and, after a jury trial, convicted of course of sexual conduct against a child in the first degree as to the first and second girls, and sexual abuse in the second degree as to the third girl. Upon his convictions, defendant was sentenced to concurrent prison terms of seven years on the two felony counts and a one-year jail term on the misdemeanor. Defendant now appeals.

Defendant's primary claim, which we reject, is that the evidence adduced in support of the verdict was legally insufficient. Initially, defendant's challenge to the adequacy of the proof of his age and that of the girls was not raised in his motion to dismiss and, thus, is unpreserved (see People v Finger, 95 NY2d 894, 895 [2000]; People v Sieber, 26 AD3d 535, 535-536 [2006], lv denied 6 NY3d 853 [2006]). In any event, there was sufficient, unrefuted testimony establishing their ages. To the extent that defendant challenges the sufficiency of the proof that he committed these offenses, viewing the testimony in the light most favorable to the prosecution, we find the evidence legally sufficient in all respects to support the jury's verdict (see People v Bleakley, 69 NY2d 490, 495 [1987]). The first girl's testimony established that on two or more occasions between August and November 2003, a period of more than three months, when she was 12 years old, defendant subjected her to sexual intercourse and oral sexual conduct at his home (see Penal Law § 130.75 [1] [b]; see also People v Frary, 29 AD3d 1223, 1224-1225 [2006], lv denied 7 NY3d 788 [2006]). The testimony of the second girl, who introduced defendant to the other girls, demonstrated that defendant engaged her in sexual intercourse and subjected her to oral sexual conduct on two or more occasions between July 2003 and March 2004, all while she was under the age of 13, either at his house or his girlfriend's apartment. Many of these incidents were witnessed by one of the other girls who testified; a fourth girl who was not a victim also corroborated the second girl's testimony. With regard to the third girl, her testimony (and that of the second girl) more than adequately established defendant's sexual contact with her by touching her breasts when she was under the age of 14 (see Penal Law § 130.00 [3];

§ 130.60 [2]). Accordingly, defendant's legal sufficiency claims have no merit.

Defendant's argument that the verdict was contrary to the weight of the credible evidence focuses on certain inconsistencies within and between the girls' testimony, and on the lack of specificity in some of their testimony. The inconsistencies concerned the precise month that defendant met the first girl and the exact month that defendant first had sexual relations with the first and second girls, how many times defendant had sexual relations with both girls on the same day and the exact number of times each was subjected to sexual relations with defendant during the charged time period. While the noted inconsistencies were manifest in the girls' testimony, we find that they were understandable and "did not relate to whether the described sexual [intercourse and oral sexual conduct] occurred repeatedly over that period of time" (*People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]).

In that regard, the girls' testimony was internally and comparatively consistent that defendant engaged in the proscribed sexual relations with each during the charged periods, and also that each actually observed defendant's subjecting the other to such abuse (*cf. id.*). The third girl's account that defendant touched her breasts was observed by the second girl and both were able to specify that it occurred on a particular day, when they were released from school due to heavy snow. Contrary to defendant's claim, we conclude that "there was nothing incredible or inherently unbelievable about [their] testimony, and we discern no basis upon which to disturb the jury's credibility assessment[s], made after hearing [their] testimony and observing [their] demeanor" (*id.* at 921; *see People v Stasiak*, 25 AD3d 1025, 1026 [2006]; *see also People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley, supra* at 495).

Finally, we find no grounds for granting defendant's request to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [3]). County Court, finding that defendant was a sexual predator who showed no remorse and presents a serious threat to society, imposed concurrent seven year determinate sentences for these class B violent felony offenses, at the low end of the permissible 5 to 25-year range (*see* Penal Law § 70.00 [6]; § 70.02 [1] [a]; [2] [a]; [3] [a]). We discern no abuse of discretion or extraordinary circumstances warranting a reduction in the sentence.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.