In the Matter of DEVIN Z., a Person Alleged to be a Juvenile Delinquent. TIOGA COUNTY ATTORNEY's OFFICE, Respondent; DEVIN Z., Appellant. [937 NYS2d 358]—

Peters, J.P.

Respondent asserts that Family Court's determination was not supported by legally sufficient evidence and was against the weight of the evidence. In that regard, respondent places great emphasis on various inconsistencies in the victim's testimony and contends that her uncorroborated accounts as to what transpired are so implausible that her testimony must be rejected as a matter of law. At the fact-finding hearing, the victim testified that on numerous occasions when she stayed overnight at respondent's home, respondent would enter the bedroom where she and her female cousin, respondent's sister, slept and would touch her vaginal area. The victim explained that, when respondent would see the hall light turn on or hear his parents, he would run out of the room and into his own bedroom. The victim testified further that she did not report respondent's sexual touching, which occurred over a period of more than two years, because she did not want to ruin her relationship with her female cousin.

Although there were discrepancies between the victim's testimony and her prior statement concerning both the number of times respondent had subjected her to sexual contact during the relevant time period and the manner in which respondent

effectuated the contact, these inconsistencies were understandable in light of the victim's young age and "did not relate to whether the described sexual touching occurred repeatedly over that period of time" (*People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]; *see People v Beauharnois*, 64 AD3d 996, 998-999 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Nowinski*, 36 AD3d 1082, 1084 [2007], *lv denied* 8 NY3d 989 [2007]; *People v Stewart*, 20 AD3d 769, 770 [2005]). Furthermore, despite the fact that neither the victim's female cousin nor respondent's mother ever observed respondent in the bedroom with the victim, we cannot conclude that the victim's testimony, when viewed in the context of the other evidence introduced at the hearing, was inherently unbelievable or incredible as a matter of law (*see People v Stearns*, 72 AD3d 1214, 1216 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Nowinski*, 36 AD3d at 1084; *People v Weber*, 25 AD3d at 921). Viewed in a light most favorable to petitioner (*see Matter of Timothy HH.*, 41 AD3d 913, 914 [2007]), the evidence presented—including the victim's testimony, which Family Court found "totally credible"—was sufficient to sustain the charge. Moreover, after independently weighing and considering the evidence and according deference to Family Court's credibility determinations, we are unpersuaded that the determination was contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *Matter of Jared WW.*, 56 AD3d 1009, 1010-1011 [2008]; *People v Weber*, 25 AD3d at 921; *People v Harp*, 20 AD3d 672, 673 [2005], *lv denied* 5 NY3d 852 [2005]).

Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.