Matter of Alexander CC. (2021 NY Slip Op 01101)





Matter of Alexander CC.


2021 NY Slip Op 01101


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529672

[*1]In the Matter of Alexander CC., Alleged to be a Juvenile Delinquent. Tioga County Attorney, Respondent; Alexander CC., Appellant.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Donna Chin, New York City, for appellant.
Peter DeWind, County Attorney, Owego, respondent pro se.



Egan Jr., J.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered June 21, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In February 2019, petitioner commenced this proceeding seeking to adjudicate respondent (born in 2003) a juvenile delinquent based upon three incidents that allegedly occurred "in or about the [s]ummer of 2018" at the home that respondent shared with, among others, his stepbrother (hereinafter the victim [born in 2011]), when he allegedly engaged in oral and anal sexual conduct with the victim, who was then seven years old. Following a fact-finding hearing, at which the victim provided sworn testimony, Family Court determined that respondent had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree and sexual abuse in the first degree. Respondent appeals.[FN1]
Initially, respondent contends that the juvenile delinquency petition is facially insufficient inasmuch as it failed to set forth a sufficient time frame for when the alleged conduct purportedly occurred such that he was deprived of his ability to prepare a defense. Although not raised before Family Court, the filing of a facially insufficient juvenile delinquency petition is a nonwaivable jurisdictional defect that may be raised for the first time on appeal (see Matter of Neftali, D., 85 NY2d 631, 636 [1995]; Matter of Jonathan YY., 134 AD3d 1344, 1345 [2015]). The review of such a petition "requires application of a stringent test to assure that there is a valid and documented basis for subjecting the juvenile to prosecution" (Matter of Lionel O., 288 AD2d 705, 705-706 [2001] [internal quotation marks and citation omitted]). To be facially sufficient, "[a] juvenile delinquency petition must contain non-hearsay allegations establishing every element of each crime charged and the respondent's commission thereof" (Matter of Jonathan YY., 134 AD3d at 1345 [internal quotation marks, ellipses, brackets and citations omitted]; see Family Ct Act § 311.2 [3]). Family Ct Act § 311.1 (3) (g) further requires that such a petition contain "a statement in each count that the crime charged therein was committed on, or on or about, a designated date, or during a designated period of time."
Here, the subject petition alleged that, "in or about the [s]ummer of 2018 . . . respondent did wrongfully, willfully, and knowingly engage in oral sexual conduct or anal sexual conduct with another person less than [11] years of age . . . by placing his penis in contact with the victim's mouth and anus" and did so "for the purpose of gratifying his sexual desire." The petition was supported by statements from the victim and the victim's mother. The allegations in the victim's statement demonstrate that, on two separate occasions in the victim's bedroom, respondent had placed his penis into the victim's mouth [*2]until he ejaculated and, on a separate occasion, had placed his penis into the victim's anus. The victim recalled in his statement that these incidents had occurred after school, in the daylight when it was still warm outside. The statement of the victim's mother, meanwhile, recounted an incident in July or August 2018 when another one of her children had made a similar allegation with respect to respondent and she further recalled approximately six occasions during the summer of 2018 when respondent and the victim had been alone in the victim's bedroom. We find that the statements by the victim and the victim's mother, if true, establish that respondent subjected the victim to sexual contact that, if committed by an adult, constitute the crimes of criminal sexual act in the first degree and sexual abuse in the first degree (see Matter of Christopher W. [Erie County Attorney], 96 AD3d 1591, 1592 [2012]) and adequately allege that the subject crimes were committed during the summer of 2018 so as to provide respondent with adequate notice and information to prepare a defense (see Family Ct Act § 311.1 [3] [g]; Matter of Ralph D., 163 AD2d 752, 754 [1990]; Matter of Robert H., 152 AD2d 572, 573 [1989]).
Defendant next contends that Family Court's determination is against the weight of the evidence. "When presented with a weight of the evidence argument in a case, such as this one, where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court" (Matter of Jared WW., 56 AD3d 1009, 1010 [2008]; see Matter of Gordon B., 83 AD3d 1164, 1166 [2011], lv denied 17 NY3d 710 [2011]). The evidence at the fact-finding hearing established that, on two separate occasions, the victim was alone in his bedroom with respondent when respondent "took his peter out" and "peed in [his] mouth." The victim was sitting on his knees with respondent directly in front of him and respondent rubbed his penis before "[h]e peed in [the victim's] mouth." The "pee" tasted bad and the victim spit it out and saw that the fluid was clear and white. On another occasion, the victim was alone in his room with respondent when respondent inserted something "in [his] butt" that caused the victim to "hurt." When these alleged incidents occurred, the victim's mother and other siblings were at home and the door to the bedroom was open; however, the mother indicated that the area in which this conduct allegedly occurred could not be observed even with the bedroom door open, a fact which was confirmed by photographs of the victim's bedroom. Moreover, although the victim could not specifically recall when these incidents occurred, he knew that they occurred when he was still in first grade but prior to when respondent had moved out of the home in the fall of 2018. Respondent testified on his own behalf and denied all of the allegations against him; however, said denials [*3]created a credibility issue for Family Court to resolve (see Matter of Nevada FF., 214 AD2d 814, 815 [1995], lv denied 86 NY2d 703 [1995]). Having considered the evidence and giving deference to Family Court's credibility determinations, we are satisfied that the verdict is supported by the weight of the evidence (see Matter of Devin Z., 91 AD3d 1035, 1036 [2012]; Matter of Gordon B., 83 AD3d at 1167; Matter of Jared WW., 56 AD3d at 1010).
We reject respondent's assertion that Family Court erred by allowing the eight-year-old victim to give sworn testimony at the fact-finding hearing. Pursuant to Family Ct Act § 343.1, "[a] witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath" (Family Ct Act § 343.1 [2]). Here, although preliminary questioning of the victim indicated that he did not know what an oath is, we do not find such fact to be determinative (see Matter of Frederick QQ., 209 AD2d 832, 833 [1994], lv denied 85 NY2d 802 [1995]) particularly where, as here, subsequent questioning of the victim by petitioner and Family Court established that he understood the difference between the truth and lie, understood that he was required to testify truthfully at the fact-finding hearing and promised that he would so testify (see Matter of Jeremy R., 266 AD2d 745, 746 [1999]). The victim also evinced an understanding that, if he were to tell a lie, he could "get in trouble" and be punished by the court (see Matter of Jordan E., 305 AD2d 778, 779 [2003]; Matter of Jason FF., 224 AD2d 900, 900-901 [1996]; Matter of David PP., 211 AD2d 995, 996 [1995]). Accordingly, we find no abuse of discretion in Family Court's determination to allow the victim to testify as a sworn witness (see Matter of Ralph D., 163 AD2d at 753).
We similarly reject respondent's contention that he received ineffective assistance of counsel. Initially, there was no need for respondent's counsel to make a discovery demand as petitioner specifically indicated at the initial appearance that it would provide full disclosure to respondent without the need for a demand. Moreover, as previously discussed, there was no basis for a motion to dismiss the petition for legal insufficiency since the petition, as supported by the statements of the victim and the victim's mother, adequately set forth a designated period of time for when the alleged conduct occurred (see Matter of Michael FF., 210 AD2d 758, 760 [1994]). Further, respondent failed to demonstrate that the choice not to call the victim's father to testify was anything other than a strategic or tactical decision (see Matter of Michael DD., 33 AD3d 1185, 1186-1187 [2006]; Matter of Bernard K., 280 AD2d 728, 729 [2001]), and his speculative assertion that the objections that were rendered by counsel hindered rather than aided in his defense was insufficient to overcome the presumption that his counsel competently represented him (see Matter of [*4]Jeffrey QQ., 37 AD3d 986, 987 [2007]). Rather, upon review, we find that respondent's counsel was prepared for the fact-finding hearing, pursued a cogent defense, rendered appropriate objections and effectively cross-examined the victim and the victim's mother such that we are satisfied that respondent was provided with meaningful representation (see Matter of Jeffrey V., 82 NY2d 121, 126-127 [1993]; Matter of Jeffrey QQ., 37 AD3d at 987; Matter of Dominick H., 9 AD3d 520, 521-522 [2004]).
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although respondent filed a notice of appeal from only the fact-finding order, which is not appealable as of right (see Family Ct. Act § 1112 [a]), we will treat the notice of appeal as an application for leave to appeal and grant said application (see Matter of Devin Z., 91 AD3d 1035, 1035 n [2012]; Matter of Jared WW., 56 AD3d 1009, 1010 n [2008]).