People v Anthinez (2021 NY Slip Op 50260(U))

[*1]

People v Anthinez (Alexander)

2021 NY Slip Op 50260(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570248/17

The People of the State of New York,
Respondent,
against
Alexander Anthinez,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Tamiko A. Amaker, J.), rendered March 16, 2017, after a nonjury trial, convicting
him of attempted assault in the third degree, attempted forcible touching, sexual abuse in the
third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J.), rendered March 16, 2017, affirmed.
The verdict convicting the defendant of attempted forcible touching (see Penal Law
§§ 110, 130.52[1]), sexual abuse in the third degree (see Penal Law §
130.55), attempted assault in the third degree (see Penal Law § 110, 120.00[1]) and
harassment in the second degree (see Penal Law § 240.26[1]) was supported by
legally sufficient evidence and was not against the weight of the evidence (see People v
Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility
determinations, in which it credited the testimony of the victim and an eyewitness, and found
defendant not to be credible. The evidence, including photographs of the victim's injuries,
established that defendant grabbed the victim's buttocks, without consent, on a crowded subway
train, and that when the victim attempted to photograph him with her cell phone, defendant
struck her in the face, causing bleeding and a laceration to her lip, and a bruised cheek.
Contrary to defendant's contention, we find nothing incredible about the victim's testimony
and find no basis to disturb the credibility assessment of the trial court, who was able to hear the
victim's testimony and observe her demeanor (see People v Nowinski, 36 AD3d 1082,
1084 [2007], lv denied 8 NY3d 989 [2007]). The inconsistency between the victim's
description of defendant's conduct as a "touch" in her pretrial statement and her use of the word
"grab" at trial, was explored on cross-examination, and was for the factfinder to resolve (see
e.g. People v Matthews, 159 AD2d 410 [1990], lv denied 76 NY2d 861 [1990]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: March 26, 2021