People v Gilliam (2023 NY Slip Op 50340(U))

[*1]

People v Gilliam (Chavarr)

2023 NY Slip Op 50340(U)

Decided on April 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570617/17

 The People of the State of New York, Respondent,
against
Chavarr Gilliam, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered September 6, 2017, after a nonjury trial, convicting him of attempted forcible touching and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.), rendered September 6, 2017, affirmed.
The verdict convicting the defendant of attempted forcible touching (see Penal Law §§ 110.00, 130.52) and harassment in the second degree (see Penal Law § 240.26[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence, including credited testimony of the victim and surveillance video of the incident, established that defendant, an inmate at Riker's Island, smacked the buttocks of the victim without consent, while the latter was working in her capacity as a corrections officer at the facility. The Court could rationally infer from his actions that defendant's intention was either for his sexual gratification or for the purpose of degrading or humiliating the victim (see People v Wagner, 72 AD3d 1196, 1197 [2010], lv denied 15 NY3d 779 [2010]), and to harass, annoy or alarm her (see Penal Law § 240.26; People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]).
Contrary to defendant's contention, we find nothing incredible or "embellished" about the victim's testimony and find no basis to disturb the credibility assessment of the trial court, who was able to hear the victim's testimony and observe her demeanor (see People v Nowinski, 36 AD3d 1082, 1084 [2007], lv denied 8 NY3d 989 [2007]). Any inconsistency between the victim's description of defendant's conduct as a "touch" in her pretrial statement and her use of the words "slap" or "smack" at trial, was explored on cross-examination, and was for the factfinder to resolve (see People v Romero, 7 NY3d 633 [2006]).
Defendant's remaining arguments are unpreserved and we decline to review them in the [*2]interest of justice. As an alternative holding, we find that the single act ascribed to defendant constituted second-degree harassment pursuant to Penal Law § 240.26(1). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2023