Matter of Tashawn MM. (2023 NY Slip Op 03745)

Matter of Tashawn MM.

2023 NY Slip Op 03745

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

536022
[*1]In the Matter of Tashawn MM., Alleged to be a Juvenile Delinquent. Tompkins County Attorney, Respondent; Tashawn MM., Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Citizens for Concerned Children, Inc., Ithaca (Thomas G. Shannan of counsel), for appellant.
William J. Troy III, County Attorney, Ithaca (Holly L. Mosher of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Family Court of Tompkins County (John C. Rowley, J.), entered August 22, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
This juvenile delinquency proceeding against respondent (born in 2004) was commenced in Tioga County in March 2022, alleging that respondent had committed acts in November 2021 that, if committed by an adult, would constitute the crimes of burglary in the second degree and criminal possession of stolen property in the third degree.[FN1] Thereafter, in satisfaction of the petition, respondent admitted to acts which, if committed by an adult, would constitute the lesser offense of criminal possession of stolen property in the fourth degree. Family Court (Keene, J.) issued an order finding that respondent had engaged in that conduct, as well as an order transferring the proceeding to Tompkins County for disposition. Following a dispositional hearing in Tompkins County, Family Court (Rowley, J.) placed respondent in the custody of the Office of Children and Family Services for a period of 12 months. Respondent appeals from the dispositional order. We stayed that order pending appeal (2022 NY Slip Op 72551[U] [3d Dept 2022]), and now reverse.
Respondent initially challenges the facial sufficiency of the petition, a jurisdictional defect that "is nonwaivable and . . . is reviewable for the first time upon appeal" (Matter of Michael M., 3 NY3d 441, 443 [2004]; see Matter of Alexander CC., 191 AD3d 1113, 1114 [3d Dept 2021]; Matter of Jonathan YY., 134 AD3d 1344, 1345 [3d Dept 2015]). Ordinarily, "[t]o be facially sufficient, a juvenile delinquency petition must contain non[ ]hearsay allegations establishing every element of each crime charged and the respondent's commission thereof" (Matter of Alexander CC., 191 AD3d at 1114 [internal quotation marks, brackets and citations omitted]; see Family Ct Act § 311.2 [3]; Matter of Evan U., 244 AD2d 691, 692 [3d Dept 1997]). Respondent focuses upon the allegation in the petition that he committed acts constituting criminal possession of stolen property in the third degree and observes, correctly, that there were no nonhearsay allegations showing that the value of the stolen property he knowingly possessed was over $3,000 as required (see Penal Law § 165.50). Petitioner points out in response that respondent admitted to commiting acts constituting the offense of criminal possession of stolen property in the fourth degree arising from his possession of "one or more [stolen] firearms, rifles and shotguns" without any value component (Penal Law § 165.45 [4]), a lesser offense than either criminal possession of stolen property in the third degree or burglary in the second degree, but not a lesser included offense of either (see People v Wilborn, 164 AD3d 530, 531 [2d Dept 2018], lv denied 32 NY3d 1069 [2018]; People v Morson, 67 AD3d 1026, 1027 [2d Dept 2009]). Petitioner [*2]argues that, under those limited circumstances, the petition was jurisdictionally adequate so long as it sufficiently alleged that respondent had committed acts constituting one of the more serious crimes charged. We agree.
"Because a juvenile delinquency petition is similar to a criminal information, the law governing the sufficiency of informations may be examined in considering a challenge to the sufficiency of a juvenile delinquency petition" (Matter of Kerwin C., 207 AD2d 890, 891 [2d Dept 1994] [citation omitted], lv denied 84 NY2d 812 [1995]; see Family Ct Act § 303.1 [2]; Matter of Jahron S., 79 NY2d 632, 636-637 [1992]; Matter of Rodney J., 108 AD2d 307, 310-311 [1st Dept 1985]). In that regard, a criminal defendant charged in an information is permitted "to plead to a lesser offense which does not qualify as a lesser included offense and which otherwise may have no factual support in the accusatory instrument" (People v Mason, 62 Misc 3d 75, 76 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see People v Keizer, 100 NY2d 114, 119 [2003]; People v Chan, 36 Misc 3d 44, 46 [Sup Ct, App Term, 2d, 11th & 13th Jud Dists 2012]). He or she remains free to challenge the facial sufficiency of the information if he or she does so; however, "to be successful in [that] challenge, all of the counts charged in the accusatory instrument would have to be found facially insufficient" (People v Pierre, 70 Misc 3d 69, 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv denied 36 NY3d 1099 [2021]; see CPL 170.30 [1]; 170.35 [1] [a]; People v Chan, 36 Misc 3d at 46; compare People v Thiam, 34 NY3d 1040, 1041 [2019]). The reason for this rule is that, "since the uncharged lesser offense to which the defendant pleaded guilty is unrelated to the counts charged, i.e., it is not statutorily derived from the counts actually charged in the accusatory instrument, the accusatory instrument is jurisdictionally sufficient and can support the guilty plea to the uncharged lesser offense so long as it contains at least one facially sufficient higher grade charge" (People v Mason, 62 Misc 3d at 77-78 [internal citations omitted]; see e.g. People v Keizer, 100 NY2d at 118-119). Applying that rule here, the petition provided nonhearsay support for its allegations that respondent entered into the dwelling of the named victim with the intent to unlawfully commit larceny and then did remove property, which was facially sufficient to allege that respondent had committed acts constituting burglary in the second degree (see Penal Law § 140.25 [2]; People v Place, 50 AD3d 1313, 1314 [3d Dept 2008], lv denied 11 NY3d 740 [2008]). The petition was therefore jurisdictionally adequate to support respondent's admission to acts constituting the lesser offense of criminal possession of stolen property in the fourth degree.
Nevertheless, as petitioner concedes, the allocution in which respondent admitted to those acts was fatally defective because Family Court (Keene, J.) failed [*3]to comply with the requirements of Family Ct Act § 321.3 (1). At the time of his admission, Family Court commented on some possible dispositions including being "placed outside of [his] home . . . for a period of time." Neither respondent nor his mother were informed of "the exact nature of his placement outside of the home or its possible duration" (Matter of Lee S., 58 AD3d 1088, 1089 [3d Dept 2009] [internal quotation marks, brackets and citation omitted]; see Family Ct Act § 321.3 [1] [c]; Matter of Christian VV., 211 AD3d 1378, 1379-1380 [3d Dept 2022]; Matter of Travis TT., 47 AD3d 1112, 1113 [3d Dept 2008]). "Inasmuch as the provisions of Family Ct Act § 321.3 (1) are mandatory and cannot be waived, the order must be reversed" (Matter of Robert OO., 34 AD3d 1074, 1075 [3d Dept 2006] [internal citations omitted]; see Matter of Kameron VV., 156 AD3d 1272, 1274 [3d Dept 2017]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although respondent was an adult by the time this proceeding was commenced, Family Court retained jurisdiction to hear it because respondent was 17 years old at the time the underlying acts occurred and his "age . . . at the time the delinquent act allegedly was committed" controls (Family Ct Act § 302.1 [2]; see Matter of Donald F., 97 AD2d 980, 980 [4th Dept 1983]; Matter of Dora P., 68 AD2d 719, 724-725 [1st Dept 1979]).