Matter of C. (Jonathan) (2025 NY Slip Op 07383)

Matter of C. (Jonathan)

2025 NY Slip Op 07383

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-08667
 (Docket No. D-8250-23)

[*1]In the Matter of C. (Anonymous), Jonathan, appellant.

Twyla Carter, New York, NY (Dawne A. Mitchell and Hannah Kaplan of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Jeremy W. Shweder of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jonathan C. appeals from an order of disposition of the Family Court, Queens County (Lisa Friederwitzer, J.), dated August 14, 2024. The order of disposition, upon an order of fact-finding of the same court dated April 2, 2024, made after a hearing, finding that Jonathan C. committed acts that, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, sexual abuse in the third degree, and forcible touching, adjudicated him a juvenile delinquent and conditionally discharged him for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as conditionally discharged Jonathan C. for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months must be dismissed as academic, as the period of conditional discharge has expired (see Matter of Marlon C., 139 AD3d 941, 941). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding determination, has not been rendered academic (see Family Ct Act § 783; Matter of Marlon C., 139 AD3d at 941).
A juvenile delinquency petition must contain, among other things, "a statement in each count that the crime charged therein was committed on, or on or about, a designated date, or during a designated period of time" (Family Court Act § 311.1[3][g]). Here, the petition was not facially deficient, since it alleged that the crimes charged occurred within a designated period of time (see id.).
In addition to the requirements of Family Court Act § 311.1(3)(g), "consideration must be given to whether the period of time, as designated in the [petition], serves the function of [*2]protecting [the appellant]'s constitutional right 'to be informed of the nature and cause of the accusation'" (People v Morris, 61 NY2d 290, 294, quoting US Const, 6th Amend; see NY Const, art I, § 6; see generally In re Gault, 387 US 1, 33-34), so as to enable the respondent in a juvenile delinquency proceeding pursuant to Family Court Act article 3 to prepare a defense and to use the judgment against further proceedings or prosecution for the same conduct (see People v Watt, 81 NY2d 772, 774; Matter of Robert H., 152 AD2d 572, 573). "The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the [petition] must be made on an ad hoc basis by considering all relevant circumstances" (People v Morris, 61 NY2d at 295 [emphasis omitted]). Where, as here, the appellant contends that the presentment agency "is able but has failed to obtain more specific information due to a lack of diligent investigatory efforts," the court may consider, among other things, "(1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately" (id. at 296).
Here, taking into consideration all of the relevant circumstances, including the complainant's age at the time of the commission of the acts of juvenile delinquency, that time is not a material element of any of the crimes, that the crimes occurred in the complainant's home when no one else but the appellant was present, and that the complainant did not report the incident until approximately one year later, the petition, which alleged that the acts occurred on a "weekday in late June 2022 or early July 2022," was sufficiently specific to allow the appellant to answer the charges and prepare a defense (see Matter of Alexander CC., 191 AD3d 1113, 1114-1115; Matter of Bobby Jo F., 2 AD3d 1472, 1473; Matter of Ralph D., 163 AD2d 752, 754; Matter of Robert H., 152 AD2d 572).
"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Malik B., 151 AD3d 842, 843 [internal quotation marks omitted]). Here, viewing the evidence in the light most favorable to the presentment agency (see id.; Matter of Danielle B., 94 AD3d 757, 758), we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts that, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (Penal Law § 130.65[1]), sexual abuse in the third degree (Penal Law § 130.55), and forcible touching (Penal Law § 130.52[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (see Matter of Shenyu Z., 234 AD3d 864, 865). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court